# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| LINDA YOUNG, § | |
| § | |
| *Plaintiff,* § | |
| § | |
| v. § | Civil Action No. 4:21-cv-00644-ALM |
| § | Judge Mazzant |
| JAMES ERSHICK, Individually and as § | |
| Executor of the ESTATE of CONTANCE § | |
| ERSHICK, DECEASED § | |
| § | |
| *Defendants.* | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff's Objections and Motion to Quash the Subpoena Duces Tecum and the Rule 34 Request for Production in the Notice of Deposition of Linda Young (Dkt. #37). Having considered the motion and relevant pleadings, the Court finds the motion should be **GRANTED.**

## BACKGROUND

On April 27, 2022, Defendant's counsel served upon Plaintiff's counsel a subpoena, commanding Plaintiff to bring to her deposition on May 18, 2022, 31 categories of documents (Dkt. #37 at p. 1). On May 10, 2022, Plaintiff filed the present motion, seeking to quash Defendant's subpoena (Dkt. #37). Given the upcoming discovery deadline of May 19, 2022, Plaintiff suggests that Defendant is using the subpoena to circumvent Rule 34 and the Court's discovery deadline (Dkt. #37). On May 13, 2022, due to the time-sensitive nature of the subpoena, the Court ordered that any response, if necessary, should be filed no later than 5:00 pm on Monday, May 16, 2022 (Dkt. #38). On May 16, 2022, Defendant filed a response (Dkt. #39). Defendant's response catalogs Plaintiff's "discovery evasions" and argues that the Court "should not accept

Plaintiff's lame and unsupported claim that such discovery is too burdensome" (Dkt. #39 at p. 9). However, Defendant failed to respond to the dispositive issues relevant to this motion—why the subpoena does not provide an end-run around Rule 34's response period and this Court's discovery deadline.

## ANALYSIS

"Rule 45 subpoenas, although not technically precluded by the language of Rule 45 from being served upon parties to litigation, are generally used to obtain documents from non-parties and are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34." *Thomas v. IEM, Inc.*, No. 06-886-B-M2, 2008 WL 695230, at *2 (M.D. La. March 12, 2008). Indeed, "[i]t is well established that a party may not use Rule 45 subpoenas duces tecum or Rule 34 requests for productions to circumvent a discovery deadline." *Hernandez v. City of Corpus Christi*, No. C-10-186, 2011 WL 2194254, at *1 (S.D. Tex. June 6, 2011).

Here, Plaintiff alleges that on April 27, 2022, Defendant's counsel served Plaintiff's counsel a subpoena, commanding that Plaintiff produce 31 categories of documents at a deposition on May 18, 2022—only one day shy of the discovery deadline. (Dkt. #37; Dkt #37, Exhibit 1). Had Defendant requested the documents from Plaintiff under Rule 34, the deadline for responding would have fallen outside the discovery deadline—i.e. 30 days from service. Thus, it is clear that Defendant's subpoena is an attempt to circumvent the discovery deadline. As such, as other courts have held, this will not be permitted. *See Trotta v. Cajun Conti LLC*, No. 15-1186, 2016 WL 6473239, at *1 (E.D. La. Nov. 2, 2016) (collecting authorities); *Nguyen v. La. State Bd. of Cosmetology*, No. 14-80-BAJ-RLB, 2016 WL 320152, at *1-2 (M.D. La. Jan. 26, 2016) (finding that plaintiff's subpoena under Rule 45 was an effort to make an end-run around Rule 34 and not permitted); *see also Thomas*, 2008 WL 695230, at *2 ("The Court will not allow Thomas to employ

a Rule 45 subpoena to avoid the discovery deadline and to obtain documents from IEM that could have been requested pursuant to a Rule 34 document request well before that deadline."). To be sure, Defendant never sought resolution by this Court of any prior failure to produce documents. Accordingly, the Court grants Plaintiff's motion to quash the subpoena.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff's Motion to Quash Defendant's Subpoena of April 27, 2022 (Dkt. #37) is **GRANTED**.

**IT IS SO ORDERED.**
SIGNED this 17th day of May, 2022.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE