# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| LINDA YOUNG, | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No. 4:21-cv-644 |
| v. | § | Judge Mazzant |
| | § | |
| JAMES ERSCHICK, Individually and | § | |
| as Executor of the ESTATE OF | § | |
| CONSTANCE ERSCHICK, | § | |
| DECEASED, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion to Reconsider Partial Summary Judgment Opinion and Order (Dkt. #53). Having considered the Motion and the relevant pleadings, the Court finds that the Motion should be **DENIED**.

## BACKGROUND

James Erschick ("Erschick"), on behalf of himself and his deceased wife (the "Erschicks"),[1] filed this Motion requesting that the Court reconsider its Partial Summary Judgment Opinion and Order (the "Order") (Dkt. #53; Dkt. #44). Erschick raises three issues in the Order that he believes the Court should reconsider: (1) whether the parties entered into a binding Rule 11 Agreement; (2) whether Plaintiff Linda Young ("Young") had a duty to disclose "special knowledge which she knew critically impacted the fairness in reaching a meeting of the minds" for the Rule 11 Agreement; and (3) if Young had that duty, whether she failed to properly execute the duty.

---

[1] In January 2021, Constance Erschick passed away (Dkt. #29 at p. 3). Accordingly, though both the Erschicks signed the Rule 11 Agreement, Young is suing James Erschick Individually and James Erschick as Executor of the Estate of Constance Erschick.

The beginning of this dispute can be traced back to 2013.  In 2013, Eric James Erschick (the "Decedent") married Young (Dkt. #30 at p. 5).  Prior to entering marriage, Decedent and Young entered into a premarital agreement (the "PMA") (Dkt. #29, Exhibit 13).  On October 9, 2019, the Decedent died without a will (Dkt. #30 at p. 5).  After Decedent died, Young filed an Application for Administration of the Estate of Decedent in the Denton County Probate Court (Dkt. #23 at p. 2).  On January 16, 2020, the Erschicks—Decedent's parents—filed an opposition and objection to Young's application (Dkt. #23 at p. 2).

During discovery, the Erschicks served several requests for production on Young that are pertinent to the Order and current Motion (Dkt. #32, Exhibit 2 ¶ 10; Dkt. #32, Exhibit 1 pp. 23–36).  For example, Request for Production #23 requested "a copy of all estate planning documents (e.g. wills, . . . marital or premarital agreements, etc.) made or executed from date of marriage to date of death by either you or Decedent."  (Dkt. #32, Exhibit 1 at p. 34).  Further, Request for Production #5 requested all "joint signature documents between you and Decedent . . . from date of marriage to date of death" (Dkt. #29, Exhibit 1 at p. 7).  Importantly, at the time these requests were served, the Texas Rules of Civil Procedure imposed no duty to disclose relevant documents unless properly requested (Dkt. #32, Exhibit 2 ¶ 11).  Further, according to Young's attorney, David Chowins ("Chowins"), the date restrictions in the requests and the objections he made to the requests meant that no request required the disclosure of the PMA (Dkt. #32, Exhibit 2 ¶ 10).

After serving these requests, between June and August 2020, the Erschicks filed three motions to compel regarding the discovery responses; however, none of the motions specifically related to or asked for the PMA (Dkt. #29-9; Dkt. #29-10; Dkt. #29-11).  On August 20, 2020, the Denton County Probate Court held a hearing on the motions to compel but did not rule on them (Dkt. #29, Exhibit 14 at p. 5).

On August 31, 2020, Richard Kelsey ("Kelsey"), the Erschicks' attorney, took Young's deposition (Dkt. #32, Exhibit 1 at p. 41). After Kelsey asked whether Young and Decedent "ha[d] a premarital agreement of any kind," Young responded that they did (Dkt. #32, Exhibit 1 at p. 41). Kelsey then asked Young if she still had a copy of the agreement, and Young responded "probably" (Dkt. #32, Exhibit 1 at p. 41). At that point, Kelsey asked Young why he had not received the agreement even though he had "asked for [it]," and Chowins objected to the question on work-product grounds (Dkt. #32, Exhibit 1 at p. 41). At no point during the deposition, or before the parties entered into the Rule 11 Agreement, did Kelsey make any specific request that Young produce the PMA discussed during her deposition, despite being made fully aware of the PMA's existence.

On October 27, 2020, almost two months after Young's deposition and prior to any ruling on the discovery motions, the parties attended a mediation session via Zoom video conferencing (Dkt. #23 at p. 2; Dkt. #30 at p. 3). At the mediation, the parties entered into a Rule 11 Agreement that was signed by all parties and filed with the Denton County Probate Court the same day (Dkt. #23 at p. 2). The Rule 11 Agreement provides that it "will be reduced to a Family Settlement Agreement ("FSA")," which "shall recite additional terms necessary to complete the Agreement." (Dkt. #29, Exhibit 12). However, section nine of the Rule 11 Agreement also provides that the Agreement "is intended to be a complete and final agreement . . . not subject to revocation by the Parties[,] and is intended to be the basis for a final and binding settlement" (Dkt #29, Exhibit 12).

The FSA envisioned by the Rule 11 Agreement never came to fruition. After several drafts were shared back and forth between the parties, the Erschicks refused to sign the FSA and, subsequently, withdrew consent to the Rule 11 Agreement. (Dkt. #23 at p. 3; Dkt. #23, Exhibit 4; Dkt. #30 at p. 4). Chowins, on behalf of Young, sent the Erschicks a notice of breach letter

(Dkt. #23, Exhibit 3 at pp. 58–59).  The next day, Kelsey made his first request for the PMA (Dkt. #30, Exhibit 5).  Indeed, Kelsey informed Young that "[t]here can be no resolution of this case until you and your client produce the premarital agreement" and acknowledged that his "client has repudiated the Rule 11 Agreement" (Dkt. #30, Exhibit 5).  On March 25, 2021, five months after the parties entered into the Rule 11 Agreement, the Probate Court ordered Young to produce the PMA, which she later did (Dkt. #29 at p. 3).

On April 21, 2021, Young filed suit for breach of contract in the Denton County Probate Court, requesting specific performance, damages, and attorneys' fees (Dkt. #2).  On July 30, 2021, Erschick was served, and, on August 14, 2021, Erschick removed the action from the Denton County Probate Court to the Eastern District Court of Texas based on diversity jurisdiction (Dkt. #1).

On February 10, 2022, the parties filed competing motions for summary judgment (Dkt #23; Dkt. #29).  On July 29, 2022, the Court ordered that Plaintiff's Motion for Summary Judgment (Dkt. #23) be granted in part and that Defendant, James Erschick's Motion for Summary Judgment (Dkt. #29) be denied (Dkt. #44).  In the Order, the only issue left to be decided is damages (Dkt. #44).  The Court will hold a bench trial on the issue on December 16, 2022 (Dkt. #59).  On August 26, 2022, Erschick filed his Motion to Reconsider Partial Summary Judgment Opinion and Order, requesting the Court reconsider the Order and reevaluate the Rule 11 Agreement in conjunction with the PMA (Dkt. #53).  Young did not file a response to Erschick's Motion.

## LEGAL STANDARD

A motion seeking reconsideration may be construed under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b) depending on the circumstances.  "The Fifth Circuit recently explained that

'Rule 59(e) governs motions to alter or amend a final judgment,' while 'Rule 54(b) allows parties to seek reconsideration of interlocutory orders and authorizes the district court to revise at any time any order or other decision that does not end the action.'" *Dolores Lozano v. Baylor Univ.*, No. 6:16-CV-403-RP, 2018 WL 3552351, at *1 (W.D. Tex. July 24, 2018) (quoting *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 336 (5th Cir. 2017)).  Further, "'[i]nterlocutory orders,' such as grants of partial summary judgment, 'are not within the provisions of 60(b), but are left within the plenary power of the court that rendered them to afford such relief from them as justice requires [pursuant to Rule 54(b)]." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 701 (5th Cir. 2014) (quoting *Zimzores v. Veterans Admin.*, 778 F.2d 264, 266

Because this is a motion seeking reconsideration of an interlocutory order, the Court uses Federal Rule of Civil Procedure 54(b).  "Federal Rule of Civil Procedure 54(b) provides that, in a case involving multiple claims or parties, 'any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities or fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.'" *Blundell v. Home Quality Care Home Health Care, Inc.*, No. 3:17-cv-1990-L-BN, 2018 WL 276154, at *4 (N.D. Tex. Jan. 3, 2018) (quoting Fed. R. Civ. P. 54(b)).  "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" *Austin*, 864 F.3d at 336 (quoting *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 185 (5th Cir. 1990), *abrogated on other grounds*, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 n.14 (5th Cir. 1994)).

## ANALYSIS

Erschick argues that he is entitled to reconsideration because the Court effectively wrote a contract for the parties "by supplying 'agreements' that are not in the Rule 11 Agreement" (Dkt. #53 at p. 2). As Erschick argued in the summary judgment pleadings, he asserts that Young had a duty—both during the mediation that led to the Rule 11 Agreement and because of the requests for production that Erschick served on Young—to disclose certain information (Dkt. #53 at pp. 2, 9). However, Erschick argues that Young ignored her duty to inform the Erschicks of special knowledge, which critically impacted the fairness of the Rule 11 Agreement (Dkt. #53 at p. 2). According to Erschick, the Court must again "analyze the specific language in the Premarital Agreement . . . as it relates to the discovery propounded to Plaintiff by Defendants" (Dkt. #53 at p. 3).

Unfortunately, Erschick fails to point out or cite to any case law that indicates the Court incorrectly decided the Order. Instead, Erschick merely re-asserts the facts surrounding discovery, the PMA, the Rule 11 Agreement, and the FSA. While the Court sympathizes with Erschick over the difficulties involved in this case, that cannot and does not change the outcome of the Order. Without any legal argument to support his motion for reconsideration, the Court must stand by the Order. After reviewing the current motion, the Court finds that Erschick fails to demonstrate any justification for reconsideration.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion to Reconsider Partial Summary Judgment Opinion and Order (Dkt. #53) is hereby **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 26th day of September, 2022.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE