# United States District Court

**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| LINDA YOUNG, | § | |
| | § | |
| *Plaintiff,* | § | Civil Action No.  4:21-cv-644 |
| v. | § | Judge Mazzant |
| | § | |
| JAMES ERSCHICK, Individually and | § | |
| as Executor of the ESTATE OF | § | |
| CONSTANCE ERSCHICK, | § | |
| DECEASED, | § | |
| | § | |
| *Defendants.* | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff Linda Young's Rule 54 Motion for Award of Attorney's Fees and Costs (Dkt. #99). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **GRANTED as modified**.

## BACKGROUND

This case arises out of a settlement agreement that the parties entered pursuant to Rule 11 of the Texas Rules of Civil Procedure ("Rule 11 Agreement"). The parties agreed to settle a probate matter that was filed in Denton County Probate Court, but Defendants subsequently breached that agreement when they refused to sign it. Plaintiff Linda Young filed suit for breach of contract in Denton County Probate Court, requesting specific performance, damages, and attorney's fees.[1] On July 30, 2021, Defendant James Ershick was served, and, on August 14, 2021,

---

[1] In January 2021, Defendant James Ershick's spouse, Constance Ershick, passed away (Dkt. #29 at p. 3). Accordingly, though both the Ershicks signed the Rule 11 Agreement, Plaintiff has sued Defendant James Ershick Individually and as Executor of the Estate of Constance Ershick.

he removed the action from the Denton County Probate Court to the Eastern District Court of Texas based on diversity jurisdiction.

On February 10, 2022, Plaintiff filed a motion for summary judgment, requesting that the Court enter judgment on her breach of contract claim (Dkt. #44). In its Memorandum Opinion and Order dated July 29, 2022, the Court found that Defendant breached the Rule 11 Agreement and that specific performance was warranted (Dkt. #44 at pp. 38, 42–43). However, the Court determined that a genuine issue of material fact existed as to additional damages (Dkt. #44 at pp. 44–45). The Court further found that Plaintiff was entitled to an award of attorney's fees under the Texas Civil Practice and Remedies Code but left the amount of fees to be decided by a Rule 54 motion (Dkt. #44 at pp. 46–47). TEX. CIV. PRAC. & REM. CODE § 38.002.

On December 16, 2022, a bench trial was held on the issue of additional damages. On June 5, 2023, the Court entered its Findings of Fact and Conclusions of Law concluding that Plaintiff was not entitled to delay damages (Dkt. #96), and it also entered a Final Judgment (Dkt. #97) pursuant to its prior entry of summary judgment.

On June 19, 2023, Plaintiff filed the pending motion for attorneys' fees and costs. On June 22, 2023, Plaintiff filed a proposed bill of costs (Dkt. #100). On June 28, 2023, Defendant filed a response to the pending motion (Dkt. #102). On July 7, 2023, Plaintiff filed a reply (Dkt. #104).

## LEGAL STANDARD

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Further, when a statute allows a prevailing party to recover its fees, that provision applies to appellate fees as well. *Williams v. Trustmark Ins. Co.*, 173 F. App'x 330, 334 (5th Cir. 2006). Under

Texas law, it is the movant that bears the burden of proof to show the reasonable fees they are owed. *El Apple I, Ltd. v. Olivas*, 370 S.W.3d 757, 760 (Tex. 2012) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)) (applying substantive federal law but also discussing Texas's adoption of the lodestar method in other cases). The movant may calculate their reasonable and necessary attorneys' fees using either the lodestar method or the market value method. *Id.*; *AMX Enters. v. Master Realty Corp.*, 283 S.W.3d 506, 515 (Tex. App.—Fort Worth 2009, no pet.). There are certain causes of action that require the use of the lodestar calculation. *City of Laredo v. Montano*, 414 S.W.3d 731, 736 (Tex. 2013). However, even if the lodestar calculation is not required, if the movant produces evidence of the lodestar calculation, courts typically apply the lodestar calculation. *Montano*, 414 S.W.3d at 736.

Using the lodestar analysis, the computation of a reasonable attorneys' fee award is a two-step process.[2] *El Apple*, 370 S.W.3d at 760 (citing *Dillard Dep't Stores, Inc. v. Gonzales*, 72 S.W.3d 398, 412 (Tex. App.—El Paso 2002, pet. denied)). First, courts determine the reasonable hours spent by counsel and a reasonable hourly rate, and then multiply the two together to get the base fee or lodestar. *Id.* (citing *Gonzales*, 72 S.W.3d at 412). Second, courts adjust the lodestar up or down based on relevant factors, found in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974).[3]

The *Johnson* factors are:

(1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and

---

[2] Although state law applies, Texas courts occasionally "draw on the far greater body of federal court experience with lodestar." *El Apple*, 370 S.W.3d at 764–65.
[3] Texas courts also use a similar set of factors, the *Arthur Andersen* factors, to determine reasonableness. However, when courts use the lodestar calculation, they tend to use the *Johnson* factors.

ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Gonzales*, 72 S.W.3d at 412 (citing *Johnson*, 488 F.2d at 717–19). "If some of these factors are accounted for in the lodestar amount, they should not be considered when making adjustments." *Id.* (citing *Guity v. C.C.I. Enter., Co.*, 54 S.W.3d 526, 529 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). The lodestar is presumptively reasonable and should be modified only in exceptional cases. *El Apple*, 370 S.W.3d at 765.

## ANALYSIS

Plaintiff seeks to recover an award of $94,152.50 in attorney's fees and $1,577.94 in costs (Dkt. #99 at p. 6). The Court will address both requests in turn.

## I.     Eligibility for Attorney's Fees

The Court already found, when granting Plaintiff's motion for summary judgment on her breach of contract claim, that Plaintiff is entitled to an award of attorney's fees (Dkt. #44 at pp. 44–47). Defendant's argument that the Rule 11 Agreement expressly forecloses Plaintiff from recovering attorney's fees is just as unconvincing now as it was then. The Court previously explained that:

> Section six of the Rule 11 Agreement states: "Each party shall pay to [sic] their own attorney's fees and Linda Young shall pay any ad litem fees" (Dkt. #29, Exhibit 12). Clearly, contrary to Defendant's argument, the parties' agreement on this provision pertains to attorney's fees relating to the settlement of the original, underlying claims—not to attorney's fees incurred in enforcing the settlement agreement. *Herring*, 2011 WL 2739517, at *6. Indeed "[n]othing in the Rule 11 Settlement Agreement indicate[s] an intent of the parties to foreclose the right to seek attorney's fees in future litigation seeking to enforce the terms of the settlement." *Innovative Vision Sols., LLC v. Kempner*, No. 01-20-00195-CV, 2022 WL 868130, at *14 (Tex. App.—Houston [1st Dist.] March 24, 2022, no pet.). Thus, the Rule 11 Agreement does not bar Plaintiff from recovering her attorney's fees.

4

(Dkt. #44 at pp. 45–46).

Under the Texas Civil Practice and Remedies Code, a party may recover reasonable attorney's fees after prevailing on a breach of contract claim. *See* TEX. CIV. PRAC. & REM. CODE § 38.001(8)(b)(8); *see Jarvis v. Peltier*, 400 S.W.3d 644, 655 (Tex. App.—Tyler 2013, pet. denied); *see also Henry v. BG of Dallas Corp.*, No. 3:13-CV-2060-BF, 2014 WL 10919570, at *2 (N.D. Tex. Oct. 8, 2014). In order to recover attorney's fees, the party must show that: (1) the claimant is represented by an attorney; (2) the claimant presented the claim to the opposing party or to a duly authorized agent; and (3) payment was not tendered before 30 days had elapsed after the claim was presented. TEX. CIV. PRAC. & REM. CODE § 38.002. The purpose of presentment is to allow the party against whom a claim is asserted an opportunity to pay it or tender performance without incurring an additional obligation to pay the claimant's attorneys' fees. *Fortitude Energy, LLC v. Sooner Pipe LLC*, 564 S.W.3d 167, 187 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

Plaintiff is represented by an attorney and presented notice of the breach of contract to Defendant's counsel via letter on February 24, 2021. Defendant did not pay a just amount curing the breach within 30 days after Plaintiff presented the notice. Because Plaintiff satisfies all three requirements, an award of attorney's fees is appropriate. *See Panizo v. YMCA.*, 938 S.W.2d 163, 168 (Tex. App.—Houston [1st Dist.] 1996, no writ) ("No particular form of presentment is required, and it may be written or oral.").

## II.    Reasonableness of Plaintiff's Attorney's Fees

In awarding attorneys' fees, the starting point is to calculate a base lodestar figure, which is reached by determining the reasonable hours worked multiplied by a reasonable hourly rate. *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019). This base

lodestar calculation, when supported by sufficient evidence, reflects presumptively reasonable and necessary attorneys' fees. *Id.* at 499.

Plaintiff seeks $94,152.50 in attorney's fees. In support of her motion for attorney's fees, Plaintiff has provided the engagement letter between Plaintiff and the James H. Horton Law Firm (Dkt. #99, Exhibit D), an affidavit from Plaintiff's counsel, David A. Lowrance (Dkt. #99, Exhibit C), and itemized invoice records detailing the attorney's hourly rates and time spent on each task performed (Dkt. #99, Exhibit B).

### A. Reasonable Hourly Rate

"The reasonable hourly rate is the rate 'prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *BMO Harris Bank, N.A. v. RidgeAire, Inc.*, No. 6:12-cv-550, 2014 WL 12612803, at *1 (E.D. Tex. June 4, 2014) (citing *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984)). The relevant legal community is the community where the district court sits. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). "The fee applicant bears the burden to prove by competent evidence that the requested rate is reasonable." *Powell v. Comm'r*, 891 F.2d 1167, 1173 (5th Cir. 1990). Parties usually establish the reasonable hourly rate by providing affidavits of other attorneys practicing in the community. *Tollett*, 285 F.3d at 368. However, "[t]he affidavits of counsel may alone be sufficient proof" to establish the reasonable hourly rate. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 491 (5th Cir. 2012). The trial court itself is also considered an expert as to the reasonableness of attorney's fees and therefore may exercise its own expertise and judgment in making an independent valuation of appropriate attorney fees. *See Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004) (citing *In re TMT Trailer Ferry, Inc.*, 577 F.2d 1296, 1304 (5th Cir. 1978)).

The fee agreement between Plaintiff and her counsel provided for a rate of $325.00 per hour. Lowrance states in his affidavit that he is familiar with the fees customarily charged by attorneys in North Texas in matters like these and that the rates charged for his time were reasonable for the services performed in this case (Dkt. #99, Exhibit 3 at p. 2, ¶ 8). Lowrance was the only attorney from the firm who worked on this matter and is the only attorney for whom recovery is sought. Lowrance has been practicing for more than 35 years. Lowrance is clearly an experienced litigator qualified to opine on prevailing market rates.[4] And affidavits from attorneys who did not bill on the matter are not required because "[t]he affidavits of counsel may alone be sufficient proof" to establish the reasonable hourly rate. *See Smith & Fuller, P.A.*, 685 F.3d at 491. Therefore, Lowrance's affidavit combined with other information provided to the Court, is sufficient evidence of the prevailing market rate.

The Court notes that Defendant does not contest the reasonableness of the hourly rate charged by Lowrance. Considering Lowrance's years of experience and the nature of this case, the Court finds the hourly rate of $325.00 to be reasonable. Lowrance's rates are consistent with—if not lower than—the prevailing market rate for either the Sherman or the Dallas-Fort Worth legal community.[5] *See, e.g., Natour v. Bank of Am., N.A.*, No. 4:21-CV-00331, 2022 WL 3581396, at *3–4 (E.D. Tex. Aug. 19, 2022) (finding a rate of $385.00 per hour to be a reasonable charge); *Advanced Physicians, S.C. v. Conn. Gen. Life Ins. Co.*, No. 3:16-CV-02355-G-BT, 2021 WL 6428370, at *6 (N.D. Tex. Dec. 17, 2021) (finding a range from $537.00 to $862.00 per hour to be a

---

[4] Lowrance has been a licensed attorney in Texas since 1986 (Dkt. #99, Exhibit 3 at p. 1, ¶ 1). He is licensed to practice law "before all Texas state courts, the Supreme Court, Fifth Circuit, [and] in the Federal Courts for the Southern, Northern and Eastern District[s] of Texas" (Dkt. #99, Exhibit 3 at p. 1, ¶ 1).

[5] This Court has previously found that the Dallas-Fort Worth legal market can be an appropriate guide for determining the reasonableness of rates. *See Solferini v. Corradi USA, Inc.*, No. 4:18-cv-293-ALM, 2021 WL 5415293, at *5 (E.D. Tex. Nov. 19, 2021) (collecting cases).

reasonable rate to charge); *see also Tech Pharm. Servs., LLC v. Alixa Rx LLC*, 298 F. Supp. 3d 892, 906–07 (E.D. Tex. 2017) (finding a range from $450.00 to $860.00 per hour to be a reasonable rate to charge for attorneys).

### B.  Hours Expended

The party seeking reimbursement of attorney's fees also bears the burden of establishing the number of hours expended by presenting adequately recorded time records as evidence. *See Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). The Court should only include those hours reasonably expended, and exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *Id.* Further, "[a] party seeking attorneys' fees is 'required to segregate fees between claims for which they are recoverable and claims for which they are not.'" *Domain Prot., LLC v. Sea Wasp, LLC*, No. 4:18-CV-792, 2020 WL 4583464, at *7 (E.D. Tex. Aug. 10, 2020) (citing *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 311 (Tex. 2006)). However, there is an exception to the duty to segregate when the fees are inextricably intertwined. *Tony Gullo Motors*, 212 S.W.3d at 313–14. The fees do not have to be segregated "when discrete legal services advance both a recoverable and unrecoverable claim that they are so intertwined." *Id.*

The Court finds that Plaintiff appropriately segregated her attorney's fees between those incurred in the enforcement of the breach of contract action and those incurred in unrelated litigation matters. Plaintiff's counsel eliminated the fees related to matters in the probate case and provided an affidavit and fee records showing when and how many hours of work were billed in the breach of contract action (Dkt. #99, Exhibit 3 at p. 1). There was a total of 289.7 hours related to the enforcement of the contract (*see* Dkt. #99, Exhibit 3 at p. 2, ¶ 9). Of that total, 88.4 hours were expended through the submission of the parties' briefing on the competing motions for summary

judgment in April 2022 (Dkt. #99, Exhibit 3 at p. 2, ¶ 9). And there were 193.5 hours expended

after the parties' submission of the summary judgment motions (Dkt. #99, Exhibit 3 at p. 2, ¶ 9).

Lastly, 7.8 hours were expended in preparing the pending Rule 54 motion (Dkt. #99, Exhibit 3 at

p. 2, ¶ 9). Plaintiff's counsel also showed discretion in billing by not counting the time spent

conducting certain research and communicating with the client.

 Defendant's assertion that, for the time spent prior to April 6, 2022, Plaintiff failed to

account for any overlap between the probate litigation and the breach of contract action in

segregating fees is conclusory and not fleshed out in the slightest. Therefore, the Court disregards

such contention, finding no reason to doubt the information provided in the affidavit submitted by

Plaintiff's counsel.

 The hours recorded by Plaintiff's counsel are summarized by month as follows:

| Month/Year | Invoice # | Not Billed | Probate related | Contract |
|---|---|---|---|---|
| 04/2021 | 1224 | | 5.9 | |
| 05/2021 | 1279 | | 18.8 | 7.6 |
| 06/2021 | 1360 | 1.1 | .5 | |
| 07/2021 | 1509 | | .9 | .7 |
| 08/2021 | 1842 | .2 | .5 | 1.0 |
| 09/2021 | 1898 | .6 | 1.5 | 3.0 |
| 10/2021 | 2401 | .8 | 1.7 | 2.6 |
| 11/2021 | 2525 | .6 | | 17.0 |
| 12/2021 | 2603 | .7 | 13.5 | 2.5 |
| 01/2022 | 2724 | 6.0 | 2.7 | |

9

| 02/2022 | 2784 | .7 | 1.8 | 8.7 |
|---------|------|-----|-----|------|
| 02/2022 | 2857 |    |     | 18.3 |
| 03/2022 | 2950 | .6 |     | 6.3  |
| 04/2022 | 3064 |    |     | 20.7 |
| 05/2022 | 3217 |    |     | 7.9  |
| 06/2022 | 3346 |    | .8  | 24.6 |
| 07/2022 | 3444 | .5 | .9  | 31.1 |
| 08/2022 | 3577 | .9 | .3  | 19.4 |
| 09/2022 | 3685 | 5.6 | 1.8 | 13.2 |
| 10/2022 | 3776 | .2 |     | 23.8 |
| 11/2022 | 3922 | 3.2 | 1.2 | 18.0 |
| 12/2022 | 4041 | 3.5 |     | 32.3 |
| 01/2023 | 4260 | 3.4 |     | 17.5 |
| 02/2023 |      |    |     |      |
| 03/2023 | 4636 | .4 |     | .3   |
| 04/2023 | 4732 | 1.6 | 1.0 | .2   |
| 05/2023 | 4850 |    | .2  | 4.2  |
| 06/2023 | 5031 |    | .2  | 8.8  |
| Total   |      | 30.6 | 54.2 | 289.7 |

Taking the reasonable hourly rate and multiplying that by number of hours spent on the enforcement of the contract, the lodestar amount is $94,152.50. The Court will now turn to whether the facts of this case require a downward or upward adjustment of the lodestar.

10

### III.    Reducing Recoverable Hours for Unsuccessful Work

Defendant argues that Plaintiff should not be awarded any attorney's fees for any time spent after April 6, 2022, because Plaintiff was not the prevailing party on her request for delayed damages at trial. Defendant contends that April 6, 2022, marks when Plaintiff's counsel had completed all work and briefing with respect to the summary judgment motion. Defendant contends that the work Plaintiff's counsel performed after April 6, 2022, only related either to the delayed damages request or the ongoing probate litigation, rather than to the breach of the Rule 11 Agreement.

Plaintiff argues in response that she should be awarded full attorney's fees because obtaining specific performance made her the prevailing party on the breach of contract claim, regardless of whether she failed to recover the delay damages at trial. She points out that Defendant cites to no cases "where a prevailing party . . . is denied attorney's fees on a portion of [a] claim due to a failure to recover all damages [] sought" (Dkt. #104 at p. 3).

"Under Texas law, when a prevailing party in a breach of contract suit seeks fees, an award of reasonable fees is mandatory, as long as there is proof of reasonable fees." *Mathis*, 302 F.3d at 462 (citing TEX. CIV. PRAC. & REM. CODE § 38.001(8)). Generally, a party must obtain actual damages to be the prevailing party. *Palavan v. McCulley*, 498 S.W.3d 134, 143 (Tex. App.— Houston [1st Dist.] 2016, no pet.) (citing *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997)). But obtaining "specific performance of a contract can also make the party a prevailing party." *Id.*

Here, Plaintiff is unquestionably the prevailing party on her breach of contract claim because the Court entered a final judgment awarding her specific performance. *See Palavan*, 498 S.W.3d at 143. The Court understands where Defendant's challenge to this portion of fees is

coming from, however. Defendant, in one sense, prevailed at trial on the issue of delay damages because the Court determined that Plaintiff was not entitled to such damages. After considering the *Johnson* factors, the Court believes that the lodestar amount should be reduced.

Where "a plaintiff has achieved only partial or limited success, the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount. This will be true even where the plaintiff's claims were interrelated, nonfrivolous, and raised in good faith." *Migis v. Pearle Vision*, 135 F.3d 1041, 1048 (5th Cir. 1998) (quoting *Hensley*, 461 U.S. at 436). "[T]he most critical factor' in determining the reasonableness of an attorney's fee award 'is the degree of success obtained.'" *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 491 n.31 (5th Cir. 2001) (quoting *Farrar v. Hobby*, 506 U.S. 103, 113 (1992)); *see also Migis*, 135 F.3d at 1047. "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Virginia McC v. Corrigan-Camden Indep. Sch. Dist.*, 909 F. Supp. 1023, 1032 (E.D. Tex. 1995) (quoting *Hensley*, 461 U.S. at 436).

Because Plaintiff experienced only partial success in litigating her breach of contract claim by prevailing on summary judgment but losing on the issue of delay damages at trial, the Court finds that the lodestar amount is excessive. The hours expended to enforce the contract after Plaintiff submitted her briefing on the competing motions for summary judgment did not contribute in any way to Plaintiff's ultimate success in establishing liability and obtaining specific performance. According to Plaintiff counsel's affidavit, which properly segregates the hours spent, Plaintiff's counsel expended a total of 193.50 hours toward the damages issue after the parties submitted their competing summary judgment motions (Dkt. #99 at p. 2, ¶ 9). Thus, the lodestar

amount of $94,152.50 should be reduced by $62,887.50, the product of that number of hours multiplied by the reasonable hourly rate. The reduced amount is, accordingly, $31,265.00.

The Court believes this reduced amount serves as a reasonable fee award, so Plaintiff is awarded attorney's fees in the amount of $31,265.00.

## IV.    Defendant's Equitable Objection to Attorney's Fees

Defendant also contends that the equities of this case should result in no attorney's fees being awarded. However, as identified by Plaintiff, "[t]he award of attorney's fees is mandatory under [TEX. CIV. PRAC. & REM. CODE § 38.001] if the plaintiff prevails on her breach of contract claim and recovers damages." *Coffel v. Stryker Corp.*, 284 F.3d 625, 640 (5th Cir. 2002). Therefore, the Court declines to consider the equities of the case in deciding whether to award attorney's fees.

## V.    Costs

Plaintiff also seeks $1,577.94 in costs, which are as follows:

| May 2021 | State filing fee | $221.21 |
|---|---|---|
| August 2021 | State citation fee | $8.23 |
| August 2021 | Service fees | $140.00 |
| December 2021 | Federal filing fee | $402.00 |
| June 2022 | Court reporter cost | $806.50 |
| Total | | $1,577.94 |

Rule 54(d) provides that costs, other than attorney's fees, should be granted to the prevailing party. FED. R. CIV. P. 54(d). Title 28, United States Code, Section 1920 sets forth which costs are taxable. Section 1920 allows recovery of the following costs:

(1)  Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title [28 USCS § 1923]; and

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

28 U.S.C. § 1920.

The party seeking to recover costs has the burden of producing evidence properly documenting and establishing the costs incurred. *Fogleman v. ARAMCO*, 920 f.2D 278, 285–86 (5th Cir. 1991); *Faculty Rights Coal. V. Shahrokhi*, No. H-04-2127, 2005 WL 1924192, at *1 (S.D. Tex. Aug. 10, 2005). Though Defendant does not dispute Plaintiff's request for costs, the Court finds that Plaintiff is only entitled to recover the cost of the federal filing fee associated with removal of the case and the cost of transcripts necessarily obtained for use in this case. The plain language in Section 1920 does not provide that a federal court may tax as costs state court filing fees prior to removal, and Plaintiff provides no authority establishing a right to recover such fees. *See* 28 U.SC. § 1920. Therefore, Plaintiff may not recover the state court associated fees as taxable costs.

Accordingly, the Court awards Plaintiff $1,208.50 in taxable costs.

14

**CONCLUSION**

It is therefore **ORDERED** that Plaintiff Linda Young's Rule 54 Motion for Award of Attorney's Fees and Costs (Dkt. #99) is hereby **GRANTED as modified**. Plaintiff is awarded attorney's fees in the amount of $31,265.00 and $1,208.50 for taxable costs.

**IT IS SO ORDERED**.

 **SIGNED this 16th day of May, 2024.**


AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE