# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| LINDA YOUNG, § | |
| § | |
|     *Plaintiff,* § | Civil Action No. 4:21-cv-644 |
| v. § | Judge Mazzant |
| § | |
| JAMES ERSCHICK, Individually and § | |
| as Executor of the ESTATE OF § | |
| CONSTANCE ERSCHICK, § | |
| DECEASED, § | |
| § | |
|     *Defendants.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendants' Motion for New Trial (Dkt. #101). Having considered the motion and the relevant pleadings, the Court finds that the motion should be **DENIED**.

## BACKGROUND

This case arises out of a settlement agreement that the parties entered pursuant to Rule 11 of the Texas Rules of Civil Procedure ("Rule 11 Agreement"). The parties agreed to settle a probate matter that was filed in Denton County Probate Court, but Defendants subsequently breached that agreement when they refused to sign it. Plaintiff Linda Young filed suit for breach of contract in Denton County Probate Court, requesting specific performance, damages, and attorney's fees.[1] On July 30, 2021, Defendant James Ershick was served, and, on August 14, 2021,

---

[1] In January 2021, Defendant James Ershick's spouse, Constance Ershick, passed away (Dkt. #29 at p. 3). Accordingly, though both the Ershicks signed the Rule 11 Agreement, Plaintiff has sued Defendant James Ershick Individually and as Executor of the Estate of Constance Ershick.

he removed the action from the Denton County Probate Court to the Eastern District Court of Texas based on diversity jurisdiction.

On February 10, 2022, Plaintiff filed a motion for summary judgment, requesting that the Court enter judgment on her breach of contract claim (Dkt. #23). On February 28, 2022, Defendant filed a competing motion for summary judgment (Dkt. #29). On July 29, 2022, the Court entered summary judgment in favor of Plaintiff, denying Defendant's motion for summary judgment (Dkt. #44). The Court determined that the Rule 11 Agreement between Plaintiff and Defendant was a valid and enforceable contract. In reaching this holding, the Court determined that Plaintiff's failure to produce a premarital agreement did not constitute fraud by non-disclosure and did not invalidate the Rule 11 Agreement. The Court also found that Defendant breached the parties' agreement, and that specific performance was warranted (Dkt. #44 at pp. 38, 42–43). The Court further determined that a genuine issue of material fact existed as to additional damages (Dkt. #44 at pp. 44–45). On August 26, 2022, Defendant filed a motion for reconsideration of the Court's entry of summary judgment (Dkt. #53), which the Court later denied (Dkt. #60).

On December 16, 2022, a bench trial was held on the issue of additional damages. On June 5, 2023, the Court entered its Findings of Fact and Conclusions of Law concluding that Plaintiff was not entitled to delay damages (Dkt. #96), and it also entered a Final Judgment (Dkt. #97) pursuant to its prior entry of summary judgment.

On June 28, 2023, Defendant filed the pending motion for new trial. On July 7, 2023, Plaintiff filed a response (Dkt. #103).

**LEGAL STANDARD**

Under Rule 59(a) of the Federal Rules of Civil Procedure, a new trial can be granted to any party after a nonjury trial on any or all issues "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." FED. R. CIV. P. 59(a)(1)(B). However, "[u]nless justice requires otherwise, no error in admitting or excluding evidence—or any other error by the court or a party—is grounds for granting a new trial, for setting aside a verdict, or for vacating, modifying, or otherwise disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." FED. R. CIV. P. 61. "Courts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999) (quoting *Del Rio Distributing, Inc. v. Adolph Coors Co.*, 589 F.2d 176, 179 n.3 (5th Cir. 1979)). Furthermore, "[t]he decision to grant or deny a motion for a new trial is generally within the sound discretion of the trial court . . . ." *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 930 (5th Cir. 1982).

**ANALYSIS**

Defendant moves for a new trial essentially arguing that new evidence offered at the trial requires the Court to reevaluate its prior entry of summary judgment. Specifically, Defendant asks for a new trial on the issue of breach of the Rule 11 agreement.

The first fundamental problem with Defendant's motion, of course, is that breach of the Rule 11 Agreement was not an issue tried by the parties at the bench trial. The sole issue tried at trial was whether Plaintiff was entitled to delay damages on the breach of contract claim. The Court had already found when it entered summary judgment before trial that Defendant had breached

the contract by refusing to sign the Rule 11 Agreement. Defendant actually prevailed on the issue of damages at trial. Because Defendant seeks a new trial on an issue for which there was no trial, the Court denies such relief. *See* FED. R. CIV. P. 59(a); *see also Darbey v. Numberg*, No. 3:20-CV-01329-E, 2023 WL 1070608, at *2 (N.D. Tex. Jan. 27, 2023) (denying a plaintiff's motion for new trial and finding that it was not properly considered a motion for new trial because the claims were dismissed by a dispositive motion rather than disposed of at trial).

Defendant's motion also alludes to a new trial being appropriate under Federal Rule of Civil Procedure 59(e). Rule 59(e), however, is not a source of relief for a new trial but instead allows a judgment to be altered or amended. *See* FED. R. CIV. P. 59(e). A motion to alter or amend the judgment under Rule 59(e) 'must clearly establish either a manifest error of law or fact or must present newly discovered evidence' and 'cannot be used to raise arguments which could, and should, have been made before the judgment issued.'" *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003) (citation omitted). "A Rule 59(e) motion may not be used to relitigate issues that were resolved to the movant's dissatisfaction." *Glass v. United States*, 2004 WL 2189634, *1 (N.D. Tex. 2004) (citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 289 (5th Cir. 1989).

Other than claiming in conclusory fashion that equity requires a new trial, Defendant does not explain how a manifest error of law or fact has occurred in the Court's entry of summary judgment and/or Final Judgment. Defendant's motion vaguely hints at the Court's finding on fraud by non-disclosure being incorrect due to Defendant being in a grief-stricken state when he signed the Rule 11 Agreement, but the motion is not clear and inexplicably focuses on the Court's finding that the Rule 11 Agreement was breached.

To make matters worse, Defendant's motion fails to establish the elements of a Rule 59(e) motion grounded on newly discovered evidence. Such motions should not be granted unless: "(1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching." *See Infusion Res., Inc. v. Minimed. Inc.*, 351 F.3D 688, 696 (5th Cir. 2003). Defendant does not show how the purportedly new facts would probably change the Court's summary judgment decision. Likewise, Defendant does not show how such evidence could not have been discovered earlier with proper diligence.

Accordingly, to the extent Defendant's motion may be construed as a motion to alter or reconsider the Court's entry of summary judgment and/or Final Judgment, such relief is denied.

## CONCLUSION

It is therefore **ORDERED** that Defendants' Motion for New Trial (Dkt. #101) is hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** this 16th day of May, 2024.

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE